JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Guy M. DeBord and Lucinda S. DeBord

### DEFENDANTS
Perdue Farms, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff: **Lancaster, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Wicomico, MD**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ken Fulginiti, Esquire/Sarah F. Dooley, Esquire, Fulginiti Law, 2005 Market Street, Suite 3710, Phila., PA 19103
215-602-4204

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** / **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [x] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(a)

Brief description of cause:
Driver/Employee struck Plaintiff with work vehicle

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: May 1, 2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Lancaster, PA_____

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  **see certification below**
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GUY M. DeBORD and<br>LUCINDA S. DeBORD, h/w<br>752 Southview Drive<br>Landisville, PA 17538<br><br>   v.<br><br>PERDUE FARMS, INC.<br>c/o Corporation Service Company<br>2595 Interstate Drive, #103<br>Harrisburg, PA 17110<br><br>  and<br><br>PERDUE FOODS LLC<br>c/o Corporation Service Company<br>2595 Interstate Drive, #103<br>Harrisburg, PA 17110<br><br>  and<br><br>PERDUE FOODS, INC.<br>c/o Corporation Service Company<br>2595 Interstate Drive, #103<br>Harrisburg, PA 17110<br><br>  and<br><br>PERDUE AGRIBUSINESS LLC<br>c/o Corporation Service Company<br>2595 Interstate Drive, #103<br>Harrisburg, PA 17110<br><br>  and<br><br>PERDUE AGRIBUSINESS GRAIN LLC<br>c/o Corporation Service Company<br>2595 Interstate Drive, #103<br>Harrisburg, PA 17110<br><br>  and | |

| | |
|---|---|
| ANTHONY COTTON, SR.<br>7755 Old Westover Marion Road<br>Westover, MD 21871 | |

## PLAINTIFFS' COMPLAINT

Plaintiffs, Guy M. DeBord and Lucinda S. DeBord, by and through their attorneys, Fulginiti Law, state the following by way of Complaint:

## PARTIES

1. Plaintiff, Guy M. DeBord, is an adult individual who, at all relevant times resided at 752 Southview Drive, Landisville, PA 17538.

2. Plaintiff, Lucinda S. DeBord, is an adult individual who, at all relevant times, resided at 752 Southview Drive, Landisville, PA 17538.

3. At all times relevant hereto, Guy M. DeBord and Lucinda S. DeBord were and are married.

4. Defendant, Perdue Farms, Inc., is a Maryland corporation with a registered agent at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

5. Defendant, Perdue Foods, LLC, is a Maryland limited liability company with a registered agent at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

6. Defendant, Perdue Foods, Inc., is a Maryland corporation with a registered agent at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

7. Defendant, Perdue Agribusiness LLC, is a Maryland limited liability company with a registered agent at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

8. Defendant, Perdue Agribusiness Grain LLC, is a Maryland limited liability company with a registered agent at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

9. Hereinafter, defendant Perdue Farms, Inc., Perdue Foods, LLC, Perdue Foods, Inc., Perdue Agribusiness, LLC, and Perdue Agribusiness Grain, LLC, shall be referred to collectively as "Perdue."

10. Defendant, Anthony Cotton, Sr. is an adult individual who, at all relevant times resided at 7755 Old Westover Marion Road, Westover, MD 21871.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this matter pursuant to *28 U.S.C. §1332(a)*, as no Plaintiff shares a state of citizenship with any defendant.

12. The amount in controversy exceeds $75,000, exclusive of costs and fees.

## MATERIAL FACTS

13. At all times relevant hereto, Perdue regularly, continuously, and systematically conducted business in the County and City of Philadelphia, as well as in the Commonwealth of Pennsylvania.

14. At all times relevant hereto, Perdue was involved in the processing and distribution of chicken, turkey, and pork.

15. At all times relevant hereto, Perdue employed Anthony Cotton, Sr. as a truck driver.

16. On April 8, 2024, Mr. DeBord was working as a security guard for Kunzler & Company, Inc., which is located at 652 Manor Street, Lancaster, PA 17604, when a Perdue truck driven by Anthony Cotton, Sr. arrived at the premises.

17. One of Mr. DeBord's responsibilities, as a security guard, was to direct trucks, such as the Perdue truck, to the loading dock.

18. While Mr. DeBord was standing in a safe location and directing the Perdue truck to the loading dock, the truck suddenly moved, crushing Mr. DeBord's hand between the trailer and the wall.

19. At all times relevant hereto, Mr. DeBord, was standing in a safe location.

20. At all times relevant hereto, Mr. DeBord was following proper safety protocol.

21. Upon information and belief, defendant Cotton saw Mr. DeBord while he was backing the Perdue truck into the loading dock.

22. Anthony Cotton should not have moved the Perdue truck unless it was safe to do so.

23. Anthony Cotton should not have moved his truck when it was unsafe to do so, thus violating *75 Pa.C.S.§3333*.

24. At all times relevant hereto, defendants acted, or failed to act, individually and through their agents, ostensible agents, borrowed servants, workmen, contractors and/or employees all in the course and scope of such relationships.

25. At all times relevant hereto, defendants, their agents, servants, workmen, contractors, and/or employees, were obligated to exercise reasonable care.

26. At all times relevant hereto, defendants, their agents, servants, workmen, contractors, and/or employees, failed to exercise reasonable care.

27. As a direct and proximate result of the conduct of the defendants, Mr. DeBord suffered serious and permanent personal injuries, including, but not limited to, a crush injury to his right hand resulting in numerous fractures, lacerations, and soft tissue damage.

28. The injuries Mr. DeBord sustained will result in permanent limitations and restrictions.

29. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of the defendants, medical bills have been generated in the past and will

continue to be generated into the future as a result of the necessary treatment of Mr. DeBord's injuries.

30. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of the defendants, Mr. DeBord has suffered embarrassment, humiliation, disfigurement, pain and suffering.

31. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of the defendants, Mr. DeBord has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of his earning capacity and power.

32. As a result of the aforementioned negligence, carelessness, and/or recklessness of the defendants, Mr. DeBord has and will be in the future hindered from attending and performing his usual daily duties, activities, and recreational and social pursuits.

33. Mr. DeBord's harm, injuries, suffering, and damages are all a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of the defendants.

**COUNT I – NEGLIGENCE**
**GUY DeBORD v. PERDUE FARMS, INC., PERDUE FOODS LLC, PERDUE FOODS, INC., PERDUE ARGRIBUSINESS LLC, and,**
**PERDUE AGRIBUSINESS GRAIN, LLC**

34. Plaintiff incorporates, by reference, all preceding paragraphs, as if set forth herein at length.

35. The injuries sustained by Mr. DeBord were caused by, and resulted from, the negligence, carelessness, and/or recklessness of Perdue, jointly and/or severally, by and through their respective agents, servants, subagents, employees, contractors, subcontractors, and/or representatives.

36. The negligence, carelessness, and/or recklessness of Perdue, jointly and/or severally, by and through their respective agents, servants, subagents, employees, contractors, subcontractors, and/or representatives, consisted of, but is not limited to, the following:

   a. Failing to operate a truck with due regard for the rights and/or safety of Plaintiff and others similarly situated;

   b. Failing to operate a truck with due regard for the conditions which were existing and of which Perdue was or reasonably should have been aware of at the time of this accident;

   c. Failing to have said truck under proper and adequate control at the time of the accident;

   d. Backing the truck in issue into Mr. DeBord when it was not safe to do so;

   e. Failing to follow signals when Perdue knew or should have known it was required to follow Mr. DeBord's hand signals;

   f. Failing to follow signals when Perdue knew or should have known that it was necessary to follow Mr. DeBord's hand signals to prevent injury to persons in Mr. DeBord's position;

   g. Backing the subject truck into Mr. DeBord's hand;

   h. Moving the truck prior to being permitted to move the truck;

   i. Failing to keep a proper lookout;

   j. Failing to maintain said truck in proper operating condition;

   k. Failing to inspect said truck;

   l. Failing to be aware of the area around the truck before moving it;

   m. Failing to follow procedures of the loading dock area;

n.  Failing to ensure no individuals were in the vicinity of the truck when it was moved;

o.  Disregarding warnings against moving the truck;

p.  Backing in unsafely;

q.  Failing to hire individuals who were fit for the positions for which they were hired;

r.  Failing to properly evaluate candidates for hire;

s.  Negligently entrusting a truck to the truck operator;

t.  Failing to properly investigate and evaluate agents, workmen, employees, and/or servants;

u.  Failing to properly train agents, workmen, employees, and/or servants;

v.  Failing to timely terminate agents, workmen, employees, and/or servants who lacked the requisite skills to perform their jobs safely;

w.  Failing to properly supervise agents, workmen, employees, and/or servants;

x.  Failing to adopt and follow proper policies and procedures;

y.  Permitting or authorizing a commercial truck owned by Perdue and/or under its exclusive dominion and control to be operated in this Commonwealth by a person who is not authorized and was not capable of safely operating the truck at the time of the accident;

z.  Violating Part 383 of the Federal Motor Carrier Safety Regulations, concerning commercial driver's license standards, requirements, and penalties;

aa. Violating Part 385 of the Federal Motor Carrier Safety Regulations, concerning safety fitness procedures of motor carriers;

bb. Violating Part 390 of the Federal Motor Carrier Safety Regulations, concerning general safety regulations;

7

    cc.    Violating Part 392 of the Federal Motor Carrier Safety Regulations, concerning the driving of commercial motor vehicles; and

    dd.    Otherwise failing to exercise due care when it was reasonably foreseeable that Perdue's failure to do so threatened the health and safety of persons in Mr. DeBord's position.

37. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of Perdue, individually and by and through its agents, representatives, servants, and workman, Mr. DeBord suffered serious and permanent personal injuries, including, but not limited to, a crush injury to his right hand resulting in numerous fractures, lacerations, and soft tissue damage.

38. The injuries Mr. DeBord sustained will result in permanent limitations and restrictions.

39. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of the defendants, medical bills have been generated in the past and will continue to be generated into the future as a result of the necessary treatment of Mr. DeBord's injuries.

40. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of the defendants, Mr. DeBord has suffered embarrassment, humiliation, disfigurement, pain and suffering.

41. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of the defendants, Mr. DeBord has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of his earning capacity and power.

42. As a result of the aforementioned negligence, carelessness, and/or recklessness of the defendants, Mr. DeBord has and will be in the future hindered from attending and performing his usual daily duties, activities, and recreational and social pursuits.

43. Mr. DeBord's harm, injuries, suffering, and damages are all a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of the defendants.

WHEREFORE, Plaintiff, Guy M. DeBord, demands judgment in his favor and against defendants, Perdue Farms, Inc., Perdue Foods LLC, Perdue Foods, Inc., Perdue Agribusiness LLC, and, Perdue Agribusiness Grain LLC, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with costs, interest, compensatory damages, punitive damages, and all other damages allowed by law.

### COUNT II - NEGLIGENCE
### GUY M. DeBORD v. ANTHONY COTTON, SR.

59. Plaintiff incorporates, by reference, all preceding paragraphs, as if set forth herein at length.

60. The injuries sustained by Mr. DeBord were caused by, and resulted from the negligence, carelessness, and/or recklessness of Anthony Cotton, Sr., jointly and/or severally.

61. The negligence, carelessness, and/or recklessness of Anthony Cotton, jointly and/or severally, consisted of, but is not limited to, the following:

    a.  Failing to operate a truck with due regard for the rights and/or safety of Plaintiff and others similarly situated;

    b.  Failing to operate a truck with due regard for the conditions which were existing and of which Anthony Cotton was or reasonably should have been aware of at the time of this accident;

    c.  Failing to have said truck under proper and adequate control at the time of the accident;

d. Backing the truck in issue into the dock when it was not safe to do so;

e. Failing to follow Mr. DeBord's hand signals when Anthony Cotton knew or should have known it was required to follow Mr. DeBord's hand signals;

f. Failing to follow Mr. DeBord's hand signals when Anthony Cotton knew or should have known that it was necessary to follow Mr. DeBord's hand signals to prevent injury to persons in Mr. DeBord's position;

g. Backing the subject truck into Mr. DeBord's hand;

h. Moving the truck prior to being permitted to move the truck;

i. Failing to keep a proper lookout;

j. Failing to maintain said truck in proper operating condition;

k. Failing to inspect said truck;

l. Failing to be aware of the area around the truck before moving it;

m. Failing to follow procedures of the loading dock area;

n. Failing to ensure no individuals were in the vicinity of the truck when it was moved;

o. Disregarding warnings against moving the truck;

p. Backing in unsafely;

q. Failing to adopt and follow proper policies and procedures;

r. Operating a commercial truck when he was not authorized and was not capable of safely operating the truck at the time of the accident;

s. Violating Part 383 of the Federal Motor Carrier Safety Regulations, concerning commercial driver's license standards, requirements, and penalties;

t. Violating Part 385 of the Federal Motor Carrier Safety Regulations, concerning safety fitness procedures of motor carriers;

u.  Violating Part 390 of the Federal Motor Carrier Safety Regulations, concerning general safety regulations;

v.  Violating Part 392 of the Federal Motor Carrier Safety Regulations, concerning the driving of commercial motor vehicles; and

w.  Otherwise failing to exercise due care when it was reasonably foreseeable that Cotton's failure to do so threatened the health and safety of persons in Mr. DeBord's position.

62. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of Anthony Cotton, individually and in his capacity as an agent, representative, servant, and/or workman of Perdue, Mr. DeBord suffered serious and permanent personal injuries, including, but not limited to, a crush injury to his right hand resulting in numerous fractures, lacerations, and soft tissue damage.

63. The injuries Mr. DeBord sustained will result in permanent limitations and restrictions.

64. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of Anthony Cotton, medical bills have been generated in the past and will continue to be generated into the future as a result of the necessary treatment of Mr. DeBord's injuries.

65. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of Anthony Cotton, Mr. DeBord has suffered embarrassment, humiliation, disfigurement, pain, and suffering.

66. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of Anthony Cotton, Mr. DeBord has suffered in the past the loss of wage-

related income and benefits and will continue to suffer in the future the loss of wages and impairment of his earning capacity and power.

67. As a result of the aforementioned negligence, and carelessness, and/or recklessness of Anthony Cotton, Mr. DeBord has and will be in the future be hindered from attending and performing his usual daily duties, activities, and recreational and social pursuits.

68. Mr. DeBord's harm, injuries, suffering, and damages are all a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of Anthony Cotton.

WHEREFORE, Plaintiff, Guy M. DeBord, demands judgment in his favor and against defendant, Anthony Cotton, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with costs, interest, compensatory damages, punitive damages, and all other damages allowed by law.

### COUNT III – LOSS OF CONSORTIUM
### LUCINDA S. DeBORD v. DEFENDANTS

69. Lucinda S. DeBord incorporates by reference, all preceding paragraphs above as though the same were set forth herein at length.

70. At all times relevant hereto, Plaintiffs Guy M. DeBord and Lucinda S. DeBord were and are married.

As a result of the incident in question, Mrs. DeBord suffered the loss of consortium, companionship, society, assistance, and solace previously existing between herself and her husband and she has also endured great marital distress as a consequence.

WHEREFORE, Plaintiff, Lucinda S. DeBord, demands judgment in her favor and against defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), together with costs, interest, compensatory damages, punitive damages, and all other damages allowed by law.

                                    FULGINITI LAW

BY: _____
       KEN FULGINITI, ESQUIRE
       SARAH F. DOOLEY, ESQUIRE
       Attorneys for Plaintiffs

DATE: May 1, 2025